**Juan BRISENO–GUTIERREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73918.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 23, 2010.

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joanne E. Johnson, Esquire, Melissa Neiman–Kelting, Esquire, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Juan Briseno–Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence whether a conviction was established by clear and convincing evidence, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881–82 (9th Cir.2004), and review de novo questions of law and constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir.2009). We deny the petition for review.

The agency concluded that Briseno–Gutierrez is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1992 conviction for lewd or lascivious acts with a child in violation of California Penal Code § 288(c).

Briseno–Gutierrez's contention that the record of conviction is inconsistent and ambiguous is not supported by the record. Substantial evidence supports the finding that the government established the exis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tence of his conviction by clear and convincing evidence. *See* 8 U.S.C. § 1229a(c)(3)(A)-(B).

Briseno–Gutierrez is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1207, 1208 n. 7 (9th Cir.2009) (en banc).

Briseno–Gutierrez's retroactivity and equal protection challenges to the agency's denial of section 212(c) relief are foreclosed by *Abebe*, 554 F.3d at 1207, 1208 n. 7.

**PETITION FOR REVIEW DENIED.**